# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SIDNEY HEBRON,                           )
                                         )
      Plaintiff,                         )
                                         )
      v.                                 )      No. 4:07CV1349 CDP
                                         )
MATTHEW SIMPSON, et al.,                 )
                                         )
      Defendants.                        )

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to file an amended complaint which the Court will construe as a motion for reconsideration.

Plaintiff, an inmate at the St. Louis City Justice Center, filed the instant action pursuant to 42 U.S.C. § 1983 on July 26, 2007, against defendants Matthew Simpson (Police Officer), Matthew Gough (same), and Jana Flynn (Assistant Public Defender). Plaintiff alleged that on October 11, 2006, defendants Simpson and Gough subjected him to an illegal search and then arrested him on false charges. Plaintiff claimed that defendant Flynn failed to provide him with adequate legal representation.

Plaintiff sought to proceed in forma pauperis, accordingly, his complaint was reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B). On November 5, 2007, the Court dismissed the action, finding that plaintiff's complaint was legally frivolous

and/or failed to state a claim. Plaintiff's complaint was silent as to whether

defendants were being sued in their official or individual capacities, accordingly,

the Court construed plaintiff's complaint as including only official capacity

claims. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th

Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Because plaintiff

had failed to allege that a municipal policy was responsible for the alleged

constitutional violations, the complaint failed to state a claim under 42 U.S.C. §

1983. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978).[1]

In his motion to amend his complaint/motion for reconsideration, plaintiff

has alleged the same purported unlawful conduct against defendants Simpson and

Gough, but he has not included any allegations against defendant Flynn. Despite

his attempts to amend, plaintiff's amended complaint fails for the same reasons as

his original pleading. The complaint is again silent as to the capacity in which

defendants are being sued, and it again fails to allege that a municipal policy or

custom was responsible for the alleged constitutional violations. Egerdahl, 72 F.3d

at 619; Nix, 879 F.2d at 431; Monell, 436 U.S. at 690-91.

---

[1]The Court dismissed the claims against defendant Flynn on the additional grounds that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his

complaint/motion for reconsideration [Doc. #7] is **DENIED**.

Dated this <u>30th</u> day of November, 2007.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE